IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEALS, | * | |
| | * | |
| Petitioner, | * | |
| vs. | * | CRIMINAL NO. 09-00077-CG-B-2 |
| | * | CIVIL ACTION NO. 12-00545-CG |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Christopher Seals' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 111), and the Government's Motion to Dismiss in response thereto (Doc. 112). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned hereby recommends

---

[1] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Seals' motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989); accord Lacey v. United States, 2019

that Seals' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 111) be **DENIED**, that Respondent's Motion to Dismiss (Doc. 112) be **GRANTED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Christopher Seals. The undersigned also recommends that should Seals file a certificate of appealability, it should be denied, as he is not entitled to appeal *in forma pauperis*.

## I.  BACKGROUND

Seals was indicted on March 26, 2009, on five counts related to the possession of crack cocaine. (Doc. 1). On July 30, 2009, a superseding indictment was issued, charging Seals with conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Five). (Doc. 43).

On September 22, 2009, pursuant to a plea agreement, Seals

---

U.S. App. LEXIS 4329, *5, 2019 WL 582033, *2 (11th Cir. Feb. 13, 2019).

entered a guilty plea to Count One (conspiracy to possess with the intent to distribute crack cocaine) and Count Three (using and carrying a firearm in furtherance of a drug trafficking crime) of the superseding indictment, and the Government agreed to dismiss the remaining counts. (Doc. 48; Doc. 52 at 1). On August 17, 2010, Seals was sentenced to 120 months' imprisonment as to Count One and 60 months' imprisonment as to Count Three, said terms to run consecutively. (Doc. 79 at 1-2).

Beginning in February 2011, Seals filed a series of motions seeking collateral relief pursuant to 18 U.S.C. § 3582.[3] (Docs.

---

[3] On February 3, 2011, Seals filed a "Motion Under § 3582 for Reduction in Sentence Pursuant to the Fairness in Cocaine Act and Spears Decision." (Doc. 82). On February 11, 2011, the Court denied the motion finding that the amendments upon which Seals relied in support of his position did not apply to his case. (Doc. 84). Thereafter, on November 4, 2011, Seals filed a Motion for Reconsideration of the Court's Order. (Doc. 85). The Court deferred ruling on Seals' Motion for Reconsideration, pending further guidance from the Eleventh Circuit Court of Appeals. (Doc. 86). On January 20, 2012, Seals filed another motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582. (Doc. 87). The Court denied that motion on January 27, 2012. (Doc. 89). Seals then filed motions for reconsideration of the Court's denial of his motion dated January 20, 2012. (Docs. 90-91). Based on Seals' second motion for reconsideration, the Court issued an Order notifying the parties that, unless objections were received, the Court would reduce Seals' term of imprisonment for Count One to sixty (60) months. (Doc. 93). The Government petitioned the Court for reconsideration of its Order (Doc. 93), stating that Seals' petition for relief was not cognizable under § 3582, but should have been raised in a § 2255 motion. (Doc. 94). The Court granted the Government's motion, denied Seals' motion for reconsideration, and advised Seals that he could file a timely petition for collateral relief under 28 U.S.C. § 2255. (Doc. 95).

3

82, 85-87, 90-91, 93-95). These motions culminated in the filing of Seals' first § 2255 petition on August 14, 2012.[4] (Doc. 96).

In his first § 2255 petition, Seals sought a reduction in his sentence pursuant to the Supreme Court's then-recent decision in Dorsey v. United States, 567 U.S. 260 (2012), which afforded more lenient penalties to those convicted of crack-cocaine crimes and had retroactive applicability. (Doc. 96). The Government acquiesced that Seals was entitled to relief from his sentence pursuant to Dorsey. (Doc. 98). On September 4, 2012, the Court vacated Seals' sentence as to Count One of the superseding indictment and re-sentenced him to sixty (60) months' imprisonment. (Doc. 99). Accordingly, Seals' judgment was amended to sixty months' imprisonment as to Count One and sixty months' imprisonment as to Count Three, with the two sentences to run consecutively. (Doc. 100).

Seals then filed the instant § 2255 motion on April 30, 2017. (Doc. 111). As discussed in detail, *infra*, in his second motion to vacate, Seals seeks to have his sentence for Count Three reduced pursuant to the Supreme Court's decision in Dean v. United States, __ U.S. __, 137 S. Ct. 1170, 197 L. Ed. 2d 490 (2017). (Doc. 111

---

[4] Under the federal "mailbox rule," absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); accord Taylor v. Williams, 528 F.3d 847, 849 n.3 (11th Cir. 2008); Rodriguez v. United States, 279 Fed. Appx. 753, 753 (11th Cir. 2008).

4

at 6-7). The Government, in its response to Seals' petition, argues that the petition is due to be dismissed as untimely. (Doc. 112). In light of the Government's position, this Court ordered Seals to show cause why his petition should not be dismissed as time-barred. (Doc. 113). Responding to the Court's Order, Seals contends that his petition is not "an actual 2255 Motion," but, rather, he is "seek[ing] the Government[']s acquiescence and assent, as well as the [G]overnment's OK as to the granting of the Motion." (Doc. 114 at 4). Seals further argues that Dean applies retroactively to his case. (Id. at 8).

For the following reasons, the undersigned finds that Seals' petition is time-barred and, thus, recommends that the Government's Motion to Dismiss be **GRANTED**, and Seals petition be **DENIED** as untimely.[5]

## II. ANALYSIS

As a preliminary matter, the Court observes that, although Seals argues in his response that he is not seeking to file "an *actual*" § 2255 motion, (Doc. 114 at 4) (emphasis added), where a

---

[5] The Government acknowledges that Seals' current § 2255 petition is not a prohibited successive motion because it was filed after a re-sentencing which itself resulted from a successful § 2255 motion. See Magwood v. Patterson, 561 U.S. 320, 340-42, 130 S. Ct. 2788, 2802, 177 L. Ed. 2d 592 (2010); Kellogg v. United States, 2013 WL 6065331 at *2-4 (N.D. Ala. Nov. 18, 2013). Therefore, the United States does not seek dismissal of Seals' motion on that ground. (Doc. 112 at 2).

5

*pro se* petitioner seeks collateral review of his sentence, this Court, which has the power to construe *pro se* pleadings liberally, will interpret his motion as a petition for relief pursuant to 28 U.S.C. § 2255.[6]  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)("Because, in the instant case, Holt is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255. . . . Because Holt is proceeding *pro se,* . . . we may liberally construe his [motion] as a § 2255 motion.").

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[6] The Court further notes that Seals styles his motion a "28 U.S.C. § 2255(e)" motion, repeatedly refers to § 2255 in the motion, and requests relief pursuant to § 2255.  (Doc. 111 at 1, 10-11).

6

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Seals maintains that his petition is timely because, "when a petitioner raises a claim that could not have been raised in a prior habeas petition, [courts] have foregone a literal reading of 'second or successive' [petitions] for purposes of 28 U.S.C. § 2255(h)." (Doc. 111 at 11). However, as discussed, Seals' petition is not being challenged for its successiveness. It is being challenged because it is untimely. Thus, the Court's analysis turns to that issue.

Looking first to § 2255(f)(1), the docket reflects that Seals was initially sentenced for Counts One and Three, and judgment was entered by this Court, on August 17, 2010. (Doc. 79). Because Seals did not appeal his sentence, his judgment became final fourteen (14) days from the date of judgment, or on August 31, 2010. See United States v. Llewelyn, 879 F.3d 1291 (11th Cir. 2018) ("Generally, a notice of appeal in a criminal case must be filed within fourteen days after entry of the order or judgment being appealed."); Akins v. United States, 204 F.3d 1086, 1091 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); Fed. R. App. P. 4(b)(1)(A). Accordingly, Seals had until August 31, 2011, to timely file his § 2255 petition. See 28 U.S.C. § 2255(f)(1).

7

Thereafter, on August 14, 2012, Seals filed a motion to vacate based on the Supreme Court's decision in Dorsey v. United States, 567 U.S. 260 (June 21, 2012) (Doc. 96; Doc. 99). That motion was successful, and Seals was re-sentenced on September 4, 2012. (Doc. 100). Because Seals did not appeal the amended judgment, it became final fourteen (14) days from the date of judgment, or on September 18, 2012. See Fed. R. App. P. 4(b)(1)(A). Accordingly, Seals had until September 18, 2013, to timely file the instant § 2255 petition. However, Seals did not file the current petition until April 30, 2017, which is more than three years after the limitations period ended. (Doc. 111). Thus, Seals' petition is due to be dismissed under 28 U.S.C. § 2255(f)(1) unless he can show that another section is applicable or that equitable tolling applies.

Seals argues that he is now entitled to a reduction in his sentence based on the Supreme Court's decision in Dean v. United States, __ U.S. __, 137 S. Ct. 1170, 1177-78, 197 L. Ed. 2d 490 (2017), which he argues applies retroactively. Seals' argument speaks to the application of 28 U.S.C. § 2255(f)(3), which provides that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In Dean, the Supreme Court held that a sentencing court may consider a mandatory minimum under § 924(c) when calculating an

8

appropriate sentence for the predicate offense. Id., 137 S. Ct. at 1178; see also United States Of America v. Darregus T. Robinson, 2019 U.S. Dist. LEXIS 77795, *16, 2019 WL 2016556, *7 (N.D. Fla. Apr. 17, 2019), *report and recommendation adopted,* 2019 WL 2010708 (N.D. Fla. May 7, 2019). However, contrary to Seals' argument, neither the Supreme Court nor the Eleventh Circuit has held that Dean has retroactive applicability.[7]

In fact, the district courts in this Circuit that have considered the issue have held that it does not. See Robinson, 2019 U.S. Dist. LEXIS 77795, *16, 2019 WL 2016556, *7 (N.D. Fla. Apr. 17, 2019), *report and recommendation adopted,* 2019 WL 2010708 (N.D. Fla. May 7, 2019) ("Dean . . . is of no benefit to the Defendant because it is a procedural rule, rather than a substantive rule, and has no retroactive effect.") (citing Morales-Avila v. United States, 2017 U.S. Dist. LEXIS 146563, *10, 2017 WL 9440380, *3 (N.D. Ga. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3948926 (N.D. Ga. Sept. 8, 2017)("Dean announced a procedural rule without retroactive effect") (citing Welch v. United States, 136 S. Ct. 1257, 1265

---

[7] "The normal framework for determining whether a new rule applies to cases on collateral review stems from the plurality opinion in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)." Welch v. United States, 136 S. Ct. 1257, 1264, 194 L. Ed. 2d 387 (2016). New constitutional rules of criminal procedure will only apply retroactively if they are new substantive rules or "watershed rules of criminal procedure." Id.

9

(2016)); Saint Fleur v. United States, 2017 U.S. Dist. LEXIS 68346, *5, 2017 WL 2684601 (S.D. Fla. May 3, 2017) ("neither the Supreme Court nor the Eleventh Circuit [has] made Dean retroactively applicable to cases on collateral review"); United States v. Johnson, 2018 U.S. Dist. LEXIS 79925, *4, 2018 WL 2188003, *2 (N.D. Fla. Jan. 19, 2018), *report and recommendation adopted*, 2018 WL 2187721 (N.D. Fla. May 11, 2018)("the Supreme Court has not held that [Dean is] retroactively applicable to cases on collateral review.")); see also Habeck v. United States, 741 Fed. Appx. 953, 954 (4th Cir. 2018) (petitioner failed to meet requirements of § 2255 savings clause because "Dean has not been held to apply retroactively to cases on collateral review."); In re Dockery, 869 F.3d 356 (5th Cir. 2017) (petitioner failed to show that "Dean announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court."); United States v. Raghoonanan, 2018 U.S. Dist. LEXIS 30289, *34, 2018 WL 1084053, *12 (D. Vt. Jan. 10, 2018) ("The Supreme Court has not specifically held that its ruling in Dean should be applied retroactively to cases on collateral review. . . . Moreover, Dean did not announce a substantive rule that should be applied retroactively or a watershed rule of criminal procedure."); Reed v. United States, 2018 WL 1064573, *2 n.2, 2018 U.S. Dist. LEXIS 29341, *4 n.2 (E.D. Mo. Feb. 23, 2018) ("The Supreme Court's recent decision in Dean does not apply to a § 2255 because Dean cannot be

10

applied retroactively to cases on collateral review.")(citing cases); Whitsell v. United States, 2018 WL 317869, *3, 2018 U.S. Dist. LEXIS 2598, *8 (E.D. Mich. Jan. 8, 2018) (noting that "Dean is a non-retroactive procedural rule."); United States v. Taylor, 2017 WL 3381369, *4, 2017 U.S. Dist. LEXIS 123560, *8 (W.D. Va. Aug. 4, 2017) (noting that "Dean does not apply retroactively to § 2255 proceedings. . . .").

Based on the foregoing authorities, Seals likewise has failed to make a prima facie showing that Dean applies retroactively to cases on collateral review and thereby saves his untimely petition under 28 U.S.C. § 2255(f)(3).

Since Seals has not shown that his petition is timely under any of the provisions of 28 U.S.C. § 2255(f), his petition is time-barred unless equitable tolling is found to apply. Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding that a similar statute of limitations found in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at

11

1271 ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). The diligence required is "reasonable diligence," not "maximum feasible diligence," Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires "a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

Here, Seals has advanced no arguments to support a finding of equitable tolling. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Lanier v. United States, 2019 U.S. App. LEXIS 12120, *6, 2019 WL 1787511, *3 (11th Cir. Apr. 24, 2019)("[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly. . . . The movant bears the burden of establishing his entitlement to equitable tolling."); accord Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002).

In this case, Seals has not established that his habeas corpus petition was timely filed, nor has he established that his circumstances warrant equitable tolling. Indeed, he has not alleged the existence of any extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor

has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition.

Because Respondent has asserted the defense of statute of limitations, and Seals has failed to meet his burden of establishing extraordinary circumstances justifying the equitable tolling of AEDPA's limitations periods, the undersigned finds that Seals' federal habeas petition is due to be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED.** 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying

constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Petitioner's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Petitioner's claims should be resolved in a different

14

manner or that Petitioner deserves to proceed further. The recommendation that Petitioner's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the instant claim on the record presented. As a result, Petitioner is not entitled to a certificate of appealability, and consequently, should not be permitted to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 111) be **DENIED**, that the Government's Motion to Dismiss (Doc. 112) be **GRANTED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Christopher Seals. The undersigned Magistrate Judge further opines that Seals is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

15

636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **May, 2019.**

                                          **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**